# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2371-19T6

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

MALEEK D. DORSEY,

    Defendant-Respondent.

_____

Submitted May 6, 2020 – Decided May 18, 2020

Before Judges Fisher and Rose.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Ocean County, Complaint No. W-2019-000604-1511.

Bradley D. Billhimer, Ocean County Prosecutor, attorney for appellant (Samuel J. Marzarella, Chief Appellate Attorney, of counsel and on the brief; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

Mark Anthony Bailey, attorney for respondent.

PER CURIAM

We granted leave to consider the State's interlocutory appeal of a Law Division order denying pretrial detention of a defendant charged with shooting offenses. Because we conclude defendant presents a danger to the community, we vacate the trial court's order granting conditional release, and remand the matter for entry of an order detaining defendant pretrial.

Defendant Maleek D. Dorsey was arrested on December 30, 2019, and charged in a complaint-warrant with two counts of attempted murder, N.J.S.A. 2C:5-1(a)(1) and 2C:11-3(a)(1); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). The State thereafter moved for defendant's pretrial detention pursuant to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26. In support of its motion, the State presented the trial court with the investigating officers' reports and the detective's affidavit of probable cause.

According to the record, in the early morning hours of December 29, 2019, police were called to an active shooting scene in the parking lot of a Jackson Township shopping plaza. Police arrived after the gunfire had stopped and while the crowd was still dispersing. "Every person [police] attempted to speak to stated they did not see or hear anything." Police observed a blood trail leading

to a car with blood on its hood; another car with two bullet holes in the trunk area; and multiple shell casings from two different caliber guns in the parking lot. Clifford Holland and Joel Hernandez were hospitalized with gunshot wounds as a result of the shootout.

A cooperating witness (CW), who "wishe[d] to remain anonymous for fear of retaliation," gave a statement to police indicating an "altercation" had begun among patrons attending a private party in a lounge and "segued out into the parking lot area." The CW saw defendant – who was known to the CW by his full name – "retrieve a firearm from the trunk of a black 4-door passenger car with tinted windows and then discharge same multiple times."[1]

Police obtained surveillance video, which corroborated the CW's account. According to the detective who viewed the video,[2] defendant was seen "firing the weapon in the direction of [Hernandez's car.]" Defendant then turned toward Holland, "firing the weapon, and then again firing, striking Holland in the back exiting through his chest." Defendant "exchang[ed] more gunfire," then drove away.

---

[1] Another witness also told police defendant was the shooter, but apparently that witness did not provide a sworn statement.

[2] The video was not provided to the trial court at the hearing.

A-2371-19T6

At the time of his arrest, defendant was twenty-seven years old, with no prior criminal history. Accordingly, defendant's scores on the public safety assessment (PSA) were assessed at "1" – the lowest rung of the six-level ladder – for risk of failure to appear and risk of new criminal activity. Nor was defendant "flagged" for an elevated risk of violence. But the PSA recommended against defendant's release pretrial.[3]

On January 17, 2020, the trial court conducted a hearing on the State's motion. Defendant acknowledged there was probable cause he committed the charged offenses. The court found probable cause that defendant "did go into the trunk of a vehicle, that he did have a weapon, he did fire shots at individuals. Some of them were struck. And so we have the attempted murder." The court also recognized "that gun might be out there."

The trial court departed from the PSA recommendation "for a number of reasons." Most of those reasons reflected defendant's lack of criminal history: "no red flag denoting an elevated risk of violence"; "he's not on pretrial monitoring"; "he has no []pending charges"; "he has no disorderly persons convictions"; "he has no indictable convictions"; "he has no violent

---

[3] Although the copy of the PSA provided by the State does not indicate whether release was recommended, the court cited the no-release recommendation and that fact is not disputed by the parties.

convictions"; "[h]e's never failed to appear [in court] in two years or older"; "[h]e never served fourteen days or more"; and "[h]e's not on probation or parole."

Turning to defendant's history and characteristics, the trial court considered that defendant had retained counsel; he was supported by his mother and girlfriend, who attended the hearing; he was "a lifelong resident of both Ocean [County] and also New Jersey"; and he has two children. The court also recognized defendant was unemployed.

In reaching its decision, the trial court cited State v. S.N., 231 N.J. 497 (2018), noting the defendant in that case was charged with first-degree aggravated sexual assault and received the same PSA scores as defendant in the present matter. The court then reasoned the defendant in S.N. "would have been a danger to [the victim] and also the community," yet the Supreme Court remanded the detention order to the trial judge to release the defendant with conditions.

Accordingly, the trial court released defendant subject to Level 3+ monitoring, with home detention and electronic monitoring, and precluded defendant from having contact with the alleged victims. The court memorialized

its decision in an order dated January 17, 2020. We thereafter extended the trial court's stay of its order pending this appeal.

On appeal, the State argues the court mistakenly exercised its discretion by denying its motion for defendant's pretrial detention. We review such orders under an abuse of discretion standard. S.N., 231 N.J. at 515-16.

The CJRA permits the State to file a motion for the pretrial detention of a defendant who is charged with certain offenses. N.J.S.A. 2A:162-19(a). When the State seeks the pretrial detention of a defendant who has not been indicted, the trial court first must determine whether there is probable cause the defendant committed the charged offense. N.J.S.A. 2A:162-19(e)(2). To establish the grounds for a defendant's pretrial detention, the State must show by clear and convincing evidence

> that no amount of monetary bail, non-monetary conditions or combination of monetary bail and conditions will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process . . . .

> [N.J.S.A. 2A:162-19(e)(3).]

The trial court found probable cause defendant committed the charged offenses. The court further found the State had not established by clear and

convincing evidence that defendant should be detained pretrial and that Level 3+ monitoring would assure defendant's appearance in court and would sufficiently protect the victims and the community.

We are convinced, however, that the court's order denying pretrial detention and releasing defendant subject to non-monetary conditions was a mistaken exercise of discretion. Although the court recognized the seriousness of the charges, it failed to give sufficient weight to the charges and the concerns raised about the safety of the community. Defendant has been charged with two counts of attempted murder for shooting into a crowd, then leaving the scene with the gun, which – as the court correctly recognized – still "might be out there." Those charges are clearly of a serious nature. See State v. Mercedes, 233 N.J. 152, 172 (2018) (noting that judges considering a detention motion may rely heavily on the seriousness of the pending charge).

In addition, the court did not give sufficient weight to the strength of the evidence in support of the charges, noting there were "other issues" in the case. Although the video recording was not played in court, it was undisputed – at least for purposes of the detention hearing – that defendant was identified in the video shooting Holland in the back and shooting at Hernandez's car. And both Holland and Hernandez were hospitalized with gunshot wounds.

7

We also find S.N. readily distinguishable from the present matter. In that case, the defendant was arrested in 2017 for crimes allegedly committed in 2012. 231 N.J. at 501. The defendant had not lived in the same home as the victim for two years, and the State based its case on the word of the child victim regarding events that had occurred five years before. Id. at 501-03. In the case under review, the offenses occurred hours – not years – before defendant was charged, and they were captured on video.

Finally, the court erroneously gave significant weight to defendant's support system and relied on the fact that defendant would be living with his family while on pretrial release. Defendant was living with his family when he allegedly committed the offenses charged here, and that living arrangement did not deter him from engaging in the alleged conduct in the middle of the night. Moreover, neither defendant's mother nor his girlfriend testified about what role they would play in assuring defendant's compliance with the conditions of his release. Accordingly, the record is devoid of any competent evidence regarding their support.

We therefore conclude the trial court mistakenly exercised its discretion by denying the State's motion for defendant's pretrial detention. The court failed

A-2371-19T6

to take into consideration all relevant factors, and its decision represents a clear error of judgment. <u>S.N.</u>, 231 N.J. at 515-16.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2371-19T6